IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA          :

    v.                            :
                                         Criminal No. WMN-96-0458
ALLEN JETT                        :

...oOo...

**GOVERNMENT'S MOTION UNDER 28 U.S.C. 2255
TO DISMISS SUBSEQUENT PETITION
CHARACTERIZED AS RULE 33 MOTION**

The United States of America, by its undersigned counsel, Rod J. Rosenstein, United States Attorney for the district of Maryland and Jamie M. Bennett, Assistant United States Attorney for said district, respectfully submits this response to the Petitioner's rule 33 Motion.

**STATEMENT OF FACTS**

The underlying facts of this case are fully set forth in United States v. Jett, 18 Fed. Appx. 224, 2001 WL 1089525 (4th Cir. 2001). The procedural posture of the case is as follows: Petitioner was indicted on RICO and narcotics conspiracy charges on March 26, 1997. On December 22, 1997, Jett was found guilty on Count One of the Fourth Superseding Indictment, which charged him and others with conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. §1959(a)(5); Count Five of the Fourth Superseding Indictment, which charged him with conspiracy to retaliate against government witnesses in violation

1

of 18 U.S.C. §1513 (a)(1) and Count Six of the Fourth Superseding Indictment, charging him with conspiracy to distribute narcotics in violation of 21 U.S.C. § 846.  On April 7, 1998 Jett was sentenced to life on Count Six, based upon this Court's finding that his offense level was 43 because he had committed a drug related murder in furtherance of the conspiracy. Jett was also sentenced to ten years on Count One and to five years on Count Six, to run concurrent to his Sentence on Count Six.

   Jett appealed his conviction and sentence.  On September 2001, the Fourth Circuit affirmed his conviction but reversed his sentence under *Apprendi v. New Jersey*, 530 U.S. 466 (2000)and remanded his case for resentencing.  The Fourth Circuit held that because the Government failed to allege a specific quantity of narcotics in Count Six of the Indictment, the statutory maximum on Count Six was twenty years, not life, as the Government had argued at sentencing.  On September 27, 2002, Jett was resentenced to twenty years on Count Six, and ten and five years respectively on Counts One and Five, the sentences on Counts One and Five now to run consecutive to the sentence on Count Six. Jett appealed this sentence, and August 25, 2003 his new sentence was affirmed by the Fourth Circuit.

    On January 5, 2005 Jett filed a motion under Section 2255 challenging his new sentence, again relying upon the government's failure to include the drug quantities in the Indictment and

2

arguing that his sentence on Count Six had to be limited to the lowest level drug quantity that was included with the Section 2D1.1 of the U.S. Sentencing Guidelines.  On December 14, 2005 that habeas petition was denied by this Court and Jett filed an appeal of that dismissal with the Fourth Circuit on May 9, 2006.  That Fourth Circuit denied a certificate of appealability under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and dismissed the appeal.  On August 1, 2007 Jett filed what he has captioned a "Rule 33 Motion." This is nothing more than a second, successive habeas petition in disguise, which should be dismissed under the provisions of the AEDPA, which places limitations on a prisoner's right to file a second habeas petition.

**ARGUMENT**

**I.  THE RULE 33 MOTION CAN ONLY BE VIEWED AS A SUCCESSIVE PETITION PROHIBITED BY 28 U.S.C. § 2255**

Jett seeks to circumvent the limitations of the AEDPA by filing a second habeas petition without meeting the stringent procedural and substantive requirements set forth in that statute.  As this Court is well aware, Title 28, United States Code Section 2255 provides that "[s] second or successive [habeas] motion must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or: (2) a new rule of

constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. If the Court of Appeals does not issue such a certification, the petition must be dismissed.  It is clear that Jett has not sought, much less obtained, such a certificate.

Jett may not circumvent the provisions of the AEDPA simply by filing a habeas petition that is conveniently labeled as something else. In United States v. Winestock, 340 F.3d 200 (4th Cir. 2003), the Fourth Circuit addressed this precise issue. There, a defendant had filed what purported to be a Rule 60 motion to reconsider the district court's denial of his habeas petition. The Fourth Circuit noted that the district courts needed to be on guard against attempts by prisoners to avoid the stringent requirements of the AEDPA's prohibition on successive habeas petitions by attaching creative labels to their motions. Id. at 203.

In Winestock, the Fourth Circuit held that it was the district court's responsibility to carefully examine every post-conviction motion filed by a prisoner to determine what relief was really sought, in order to avoid attempts to circumvent the ban on successive petitions, noting that this responsibility "comports with the longstanding practice of courts to classify pro se pleading from prisoners according to their contents, without regard to their captions." Id. at 203.  This practice

4

has gained even more importance since the passage of the AEDPA, which "placed[d] significant restrictions on prisoner litigation and thus elevate[d] the degree of caution that courts must exercise when determining how to classify prisoner pleadings." Id.

In Winestock, the Fourth Circuit set forth general rules for the district courts to apply to determine whether a motion filed by a petitioner subsequent to the denial of his first habeas motion is actually a successive petition in disguise. The Fourth Circuit held that "a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application . . . thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications." The Court also noted that "new legal arguments or proffers of additional evidence will usually signify that the prisoner is . . . continuing his collateral attack on his conviction or sentence." Id. at 207.

The Court must evaluate Jett's Rule 33 Motion in light of these general principles. Jett's motion fits cleanly into the Fourth Circuits statement that "new . . . proffers of additional evidence will usually signify that the prisoner is continuing his collateral attack on his conviction." Id. Jett alleges that he

5

had recently discovered new evidence that the United States Probation Office did not check to see if the Criminal History calculations in his pre-sentence report were correct, or whether two of his prior convictions should merge for Sentencing Guideline purposes because they had been ordered consolidated by the Circuit Court for Baltimore City, as ordered by the Court at his September 2002 resentencing.  This is nothing more than an attack on his sentence, and falls squarely within the rubric of collateral relief afforded by Section 2255 and not the provisions of Rule 33, which has to do with the circumstances under which a court can order a new trial, and nothing to do with correcting an erroneous sentence.

## II.   THE AEDPA LIMITS THE NEWLY DISCOVERED EVIDENCE RULE TO AN ATTACK ON A DEFENDANT'S CONVICTION, SO THAT JETT'S NEW MOTION DOES NOT QUALIFY FOR A SUCCESSIVE PETITION

Furthermore, as noted above, in order to even file a second petition, Jett must qualify for a certificate from the Fourth Circuit.  Jett can do that by establishing either that he has discovered new evidence that establishes by clear and convincing evidence that no rational fact finder would have found him guilty or that he has a new claim based upon a new rule of constitutional law that has been made retroactive to cases on collateral review by the Supreme Court.  Jett makes no claim as to the latter; he claims relief solely under the former, the discovery of new evidence.  But even if Jett's evidence was really new – there is no reason, it appears, why this claim could

not have been included in the first habeas petition he filed in 2005 -- the Fourth Circuit has made it clear that the "newly discovered evidence" exception to the ban on successive petitions is not available to assert errors that only go to sentencing issues. *United States v. Vial*, 115 F.3d 1192 (4th Cir. 1997). There is absolutely no likelihood that the Fourth Circuit would grant Jett a certificate of merit based upon the evidence he has presented in his Rule 33 Motion. [1]

---

[1] If the Court does not dismiss this Motion under the provisions of the AEDPA, the government seeks leave to file a response to Jett's allegations on the merits, which will be that the United States Probation Office did examine the record of his prior convictions and that there was no Order consolidating the two prior convictions for sentencing as Jett alleged, so that his Criminal History Category was computed correctly. The government also notes that Jett would have suffered no prejudice even if his two prior convictions had been consolidated, because his sentence would have remained the same. With a offense level of 43, calling for a sentence of life at any Criminal History category, and a maximum statutory penalty of twenty years, Jett's sentence would have been the same regardless of his Criminal History.

**CONCLUSION**

    For the reasons presented above, the Rule 33 Motion should be dismissed without further proceedings.

                          Respectfully submitted,

                          Rod S. Rosenstein
                          United States Attorney

By:_____
    Jamie M. Bennett
    Assistant United States Attorney
    36 South Charles Street
    Fourth Floor
    Baltimore, Maryland 21201
    (410) 209-4800

<u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 13th day of September, 2007, a copy of the Government's Motion Dismiss Rule 33 Motion was mailed by first class mail, postage pre-paid, to the petitioner: Allen Jett, Reg. No. 32325-037, U.S.P. Beaumont, P.O. Box 26030, Beaumont, TX 77720-6030.

_____
Jamie M. Bennett
Assistant United States Attorney